Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
KRONOZ INTERNACIONAL, INC.,

          Plaintiff,

   -against-

PROVEHOTEL AMERICAS, S.A de C.V.,

          Defendant.
------------------------------------------------------X



07 CV
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, Kronoz Internacional, Inc. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Provehotel Americas, S.A. de C.V. (hereinafter referred to as "Defendant" or "Provehotel"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff, was, and still is, a foreign corporation duly organized and operating under the laws of Mexico, with an office and place of business located at Calle 16 No. 303 X por 9, Fracc. Residencial Camara de Comercio Norte 97133 Merida, Yucatan, Mexico, and is engaged in the business of freight forwarding.

3. Upon information and belief, Defendant, Provehotel, was and still is a foreign business entity, organized and existing pursuant to the laws of Mexico with an office and place of business located at Ave. Andres Quintana Roo, Mza, local 3-01, Cancun, Mexico 77520, and is an importer of hotel goods for commercial sale.

## RELEVANT FACTS

4. Defendant, Provehotel, engaged the services of plaintiff, Kronoz Internacional, to provide ocean transportation for two consignments of hotel amenity supplies, laden in containers numbered MSKU2965800 and PONU1602332, from Yantian, China to Progreso, Mexico.

5. The shipments of cargo were received into the care and custody of plaintiff and/or its agents at the aforementioned port of departure and duly transported to their intended port of destination, pursuant to Maersk bills of lading numbered 851681860, dated November 22, 2006 and 851708613, dated November 24, 2006.

6. Thereafter, plaintiff dispatched invoices to the defendant, demanding payment of shipping freight owed for the transportation services provided.

7. Despite repeated demands, defendant has failed to pay shipping freight that was, and still is, due and owing to plaintiff and has, thereby, caused plaintiff to sustain damages in the total amount of $12,145

8. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan*

*Chase*, *Standard Chartered Bank*, and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

9. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

B. That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $12,145 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. An Order recognizing and enforcing any final judgment rendered by a Mexican Court in Plaintiff's favor for the monies owed and the claims herein;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 13, 2007
      283-6

                            The Plaintiff,
                            Kronoz Internacional, Inc.

                    By: _____
                            Christopher M. Schierloh (CS-6644)
                            CASEY & BARNETT, LLC
                            317 Madison Avenue, 21st Floor
                            New York, New York 10017
                            Tel:  212-286-0225
                            Fax: 212-286-0261
                            cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York     )
                      )   ss:
County of New York    )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.


Dated: New York, New York
       August 13, 2007

                                                  _____
                                                  Christopher M. Schierloh